**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4323

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY LEE PHILLIPS,

Defendant - Appellant.

No. 05-4324

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

APRIL DENISE ZIEGLER,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-04-83)

Submitted: December 12, 2005      Decided: January 5, 2006

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Mark F. Underwood, UNDERWOOD LAW OFFICE, INC., Huntington, West Virginia; Donald L. Stennett, BREWSTER, MORHOUS, CAMERON, CARUTH, MOORE, KERSEY & STAFFORD, P.L.L.C., Charleston, West Virginia, for Appellants.  Charles T. Miller, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In consolidated appeals, co-defendants Anthony Lee Phillips and April Denise Ziegler appeal their guilty plea convictions and sentences imposed for one count of aiding in the distribution of cocaine base (Phillips), in violation of 21 U.S.C. § 841(a) (2000), 18 U.S.C. § 2 (2000), and conspiracy to distribute cocaine base (Ziegler), in violation of 21 U.S.C. § 846 (2000). Counsel for both Appellants have filed a consolidated brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that they find no meritorious grounds for appeal, but challenging the district court's denial of Phillips' motion for a sentence reduction based on minimal role. The Government has filed an answering brief. Phillips has filed a pro se supplemental brief challenging his sentence under Blakely v. Washington, 542 U.S. 296 (2004). Finding no reversible error, we affirm.

In his pro se supplemental brief, Phillips asserts that because he only sold .83 grams of cocaine base, the district court's finding that he was responsible for more than 5 grams of cocaine base amounts to an impermissible judicial enhancement, in violation of his Sixth Amendment rights under United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment. Id. After Booker, courts

- 3 -

must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. (citing Booker, 125 S. Ct. at 769).

Because Phillips did not raise this claim in the district court, his sentence is reviewed for plain error. Hughes, 401 F.3d at 547 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Olano, 507 U.S. at 731-32; Hughes, 401 F.3d at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

We conclude that Phillips suffered no Sixth Amendment violation. Phillips' plea agreement clearly and unequivocally

stipulates to his involvement in the distribution of more than five grams of cocaine base. Moreover, at his change of plea hearing, Phillips assured the court that he was pleading guilty to distributing .83 grams of cocaine base as named in the indictment, and that he was involved with an additional 4.17 grams of cocaine base throughout the course of the conspiracy. (J.A. at 97-98). Thus, because Phillips expressly admitted to the amount of drugs attributed to him, we find that he suffered no Sixth Amendment violation.

Phillips' counsel asserts that the district court erred by refusing to grant him a one-level reduction because he was only a minor participant in the conspiracy. However, a careful review of the sentencing transcript reveals that counsel did not move for a role reduction pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2004) during sentencing. Instead, while arguing the factors listed in 18 U.S.C.A. § 3553(a), counsel asserted that Phillips was the "most minor participant" in the conspiracy, and urged the court to sentence Phillips below the applicable guidelines range. The district court ultimately rejected this request.

We hold that Ziegler suffered no Sixth Amendment violation as she clearly admitted to the drugs attributed to her, and received no sentencing enhancements. Moreover, we find that because the district court imposed a sentence within the advisory

guidelines range and below the statutory maximum for the offense, Ziegler's sentence was also reasonable.* Cf. Hughes, 401 F.3d at 546-47 (citing Booker, 125 S. Ct. at 764-65, 767) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm both Phillips' and Ziegler's convictions and sentences. This court requires that counsel inform their respective clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*The statutory maximum for violating 21 U.S.C. § 841(b)(1)(A) (2000) is five to forty years in prison.